David T. Biderman (Bar No. 101577)
DBiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Charles C. Sipos (*pro hac vice*)
CSipos@perkinscoie.com
Jeffrey M. Hanson (*pro hac vice*)
JHanson@perkinscoie.com
Mica D. Klein (*pro hac vice*)
MicaKlein@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendant*
*General Mills Sales, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| BEVERLY TRUXEL and STEPHEN HADLEY, individually, and on behalf of those similarly situated, and the general public,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GENERAL MILLS SALES, INC.,<br><br>                    Defendant. | Case No. 4:16-cv-04957-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GENERAL MILLS SALES, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:        May 3, 2019<br>Time:        9:00 a.m.<br>Room:       Courtroom 5<br>Judge:       Hon. Jeffrey S. White |

1

2

## TABLE OF CONTENTS

3

4

**Pages**

I.     INTRODUCTION ............................................................................................... 1

II.    FACTUAL BACKGROUND ............................................................................. 2

III.   STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) ..................... 4

IV.    ARGUMENT ...................................................................................................... 4

       A.     The TAC Should be Dismissed With Prejudice Because It Is Premised on
              Allegations Courts in This District Have Recently Rejected as Not
              Misleading to a "Reasonable Consumer." ............................................... 5

       B.     The Court Should Dismiss With Prejudice All Claims in the TAC That Are
              Not Misleading to a Reasonable Consumer. ........................................... 8

              1.     Legal Standard ............................................................................. 8

              2.     The Court Should Dismiss With Prejudice All Claims Based on
                     Truthful and Accurate Descriptions of General Mills Cereals'
                     Ingredients. .................................................................................. 9

              3.     The Court Should Dismiss With Prejudice All Claims Based on
                     Nonactionable Puffery. ............................................................. 10

       C.     The Court Should Dismiss With Prejudice All Claims that are Preempted. ......... 12

       D.     The Court Should Dismiss the Breach of Express and Implied Warranty
              Claims With Prejudice. ......................................................................... 13

       E.     The TAC Should Be Dismissed With Prejudice Because Further
              Amendment Would be Futile. ................................................................ 14

V.     CONCLUSION ................................................................................................ 14

18

19

20

21

22

23

24

25

26

27

28

-i-

1

2

3

**TABLE OF AUTHORITIES**

4

**Pages**

5

CASES

6

*Becerra v. Coca-Cola, Co.,*
   2018 WL 1070823 (N.D. Cal. Feb. 27, 2018)................................................1, 2, 7, 8

7

8

*Becerra v. Dr Pepper/Seven Up., Inc.,*
   2018 WL 1569697 (N.D. Cal. Mar. 30, 2018)...........................................................7

9

*Chuang v. Dr. Pepper Snapple Grp., Inc.,*
   2017 WL 4286577 (C.D. Cal. Sept. 20, 2017)...........................................................8

10

*Clark v. Perfect Bar, LLC,*
   Case No. 18-cv-6006-WHA (N.D. Cal. Dec. 21, 2018) ................................... passim

11

12

*Ebner v. Fresh, Inc.,*
   838 F.3d 958 (9th Cir. 2016).....................................................................................9

13

14

*Glen Holly Entm't, Inc. v. Tektronix, Inc.,*
   343 F.3d 1000 (9th Cir. 2003)..................................................................................10

15

16

*Hadley v. Kellogg Sales Co.,*
   273 F. Supp. 3d 1052 (N.D. Cal. 2017) ............................................................ passim

17

18

*Hauter v. Zogarts,*
   14 Cal. 3d 104 (1975) ..............................................................................................14

19

*In re Quaker Oats Labeling Litig.,*
   2012 WL 1034532 (N.D. Cal. Mar. 28, 2012)........................................................13

20

21

*Jones v. ConAgra Foods, Inc.,*
   912 F. Supp. 2d 889 (N.D. Cal. 2012) .......................................................................9

22

23

*Mocek v. Alfa Leisure, Inc.,*
   114 Cal. App. 4th 402 (2003)...................................................................................13

24

*Nabors v. Google, Inc.,*
   2011 WL 3861893 (N.D. Cal. Aug. 30, 2011).........................................................13

25

26

*Newcal Indus., Inc. v. Ikon Office Solutions,*
   513 F.3d 1038 (9th Cir. 2008)...................................................................................10

27

28

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.,*
   227 F.3d 489 (5th Cir. 2000).....................................................................................10

-ii-

1

2

**TABLE OF AUTHORITIES**
(continued)

3

4

**Pages**

5

*Roberson v. Citibank, N.A.,*
    2013 WL 752491 (N.D. Cal. Feb. 27, 2013)...........................................................................14

6

7

*Salazar v. Honest Tea,*
    74 F. Supp. 3d 1304 (E.D. Cal. 2014).....................................................................................11

8

9

*Tyler v. Coggins,*
    2012 WL 1074946 (E.D. Cal. Mar. 20, 2012) ........................................................................14

10

*Viggiano v. Hansen Natural Corp.,*
    944 F. Supp. 2d 877 (C.D. Cal. 2013).....................................................................................13

11

12

*Williams v. Gerber Prods. Co.,*
    552 F.3d 934 (9th Cir. 2008)....................................................................................................9

13

**STATUTES**

14

21 U.S.C. § 343-1(a)(5)............................................................................................................3, 12, 13

15

21 U.S.C. § 343(r)(1)(A) ..................................................................................................................12

16

Nutrition Labeling and Education Act of 1990.........................................................................12, 13

17

Cal. Comm. Code § 2313(1) .............................................................................................................13

18

Cal. Comm. Code § 2314(2)(f) .........................................................................................................14

19

20

**REGULATIONS**

21

21 C.F.R. § 101.13(b) ........................................................................................................................12

22

**RULES**

23

L.R. 7-4(a)(3) .......................................................................................................................................4

24

25

26

27

28

-iii-

# SUMMARY OF ARGUMENT

**Reasonable Consumer.** Plaintiffs Beverly Truxel and Stephen Hadley's ("Plaintiffs") Third Amended Complaint's ("TAC") operative theory of relief——that Plaintiffs were deceived about General Mills Cereals' sugar content even though the labels plainly disclosed that content, and that the Cereals are unhealthy based on articles that do not plausibly demonstrate that consuming added sugar in cereal causes negative health effects—is implausible and fails to establish that General Mills Cereals' labels mislead a "reasonable consumer." *Clark v. Perfect Bar, LLC*, Case No. 18-cv-6006-WHA (N.D. Cal. Dec. 21, 2018) (Dkt. No. 23); *Becerra v. Coca-Cola, Co.*, 2018 WL 1070823, at *4 (N.D. Cal. Feb. 27, 2018). Additionally, many of the individual labeling claims Plaintiffs challenge in the TAC are either true statements that are non-misleading or are nonactionable puffery, subject to dismissal under the rationale of this Court's prior dismissal Orders. *See* September 20, 2017, Dismissal Order (Dkt. No. 60) ("First Dismissal Order"); September 28, 2018, Dismissal Order (Dkt. No. 76) ("Second Dismissal Order"); *Hadley v. Kellogg Sales Co. (Hadley II)*, 273 F. Supp. 3d 1052, 1081 (N.D. Cal. 2017).

**Federal Preemption.** The TAC challenges a number of General Mills' labeling claims that are permitted health claims or permitted nutrient content claims under FDA regulations. These claims are expressly preempted under the Nutrition Labeling and Education Act of 1990 ("NLEA"). Second Dismissal Order at 3; *see also Hadley II*, 273 F. Supp. 3d at 1076–77.

**Breach of Warranty.** Plaintiffs' warranty claims fail because the labels are not misleading to a reasonable consumer, and there was no breach of any implied or express warranty. *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013).

**Dismissal With Prejudice.** The TAC is Plaintiffs' fourth successive complaint. Given the multiple opportunities for amendment and Plaintiffs' failure to follow this Court's prior dismissal Orders, further amendment would be futile and dismissal with prejudice is appropriate. *See Roberson v. Citibank, N.A.*, 2013 WL 752491, at *4 (N.D. Cal. Feb. 27, 2013) (White, J.).

Based on the foregoing, the TAC should be dismissed with prejudice.

-iv-

1

## I.    INTRODUCTION

2        General Mills' Motion to Dismiss challenges what is now Plaintiffs Beverly Truxel and

3   Stephen Hadley's ("Plaintiffs") *fourth* successive complaint. This Court has, in two prior dismissal

4   Orders, patiently and clearly explained that Plaintiffs must withdraw all claims subject to dismissal

5   under the authority of similar cases filed in other Northern District courts. *See* September 20, 2017,

6   Dismissal Order (Dkt. No. 60) ("First Dismissal Order"); September 28, 2018, Dismissal Order

7   (Dkt. No. 76) ("Second Dismissal Order"). And the Court has also instructed Plaintiffs to err on the

8   side of dismissal if they feel there is some uncertainty about the viability of particular claims. First

9   Dismissal Order at 4; Second Dismissal Order at 5. Yet, the Plaintiffs' Third Amended Complaint

10  ("TAC") once again disregards the Court's instructions, choosing instead to re-assert claims subject

11  to dismissal under this Court's existing Orders. This Court need not tolerate the filing of a fourth

12  amended complaint that asserts claims in defiance of this Court's Orders. Dismissal of the TAC, in

13  full and with prejudice, is the appropriate relief.

14        Indeed, recent authority makes clear that this Court need not yet again parse Plaintiffs'

15  dozens of challenged labeling statements to determine if they can survive. Since the filing of the

16  Plaintiffs' prior complaint and the parties' last round of briefing, the relevant body of authority has

17  only grown stronger in favor of full dismissal. In two recently decided Northern District food

18  labeling cases filed by the same Plaintiffs' counsel and asserting the same essential theory of relief,

19  Judge William Alsup dismissed the actions with prejudice for failing to meet the reasonable

20  consumer standard. In the first case, *Clark v. Perfect Bar, LLC*, the court held that no "reasonable

21  consumer" is tricked about a snack bar's sugar content, and whether it may or may not be healthy

22  as a result, when the product's label plainly discloses the amount of sugar in the product. In the

23  second, *Becerra v. Coca-Cola*, the court held that a plaintiff's theory of deception is implausible,

24  where it rests on scientific studies that fail to show that the defendants' products cause any of the

25  health harms that the complaint alleges as to those products. *Clark* and *Becerra* both apply here.

26  Just as in *Clark*, the TAC implausibly alleges that the labeling of General Mills' Cereals deceives

27  consumers about the products' health benefits given the amount of sugar in the products—even

28

-1-

though that sugar content is plainly and repeatedly disclosed on the Cereals' labels. And just like *Becerra*, the TAC broadly asserts that added sugar causes health harms—and so General Mills' Cereals' labels are misleading as a result—yet none of the scientific studies the TAC cites plausibly suggest any causal connection between consumption of breakfast cereal and those alleged harms.

Whether evaluated under this Court's prior Dismissal Orders or under the standards articulated in *Clark* and *Becerra*, the TAC should be dismissed with prejudice.

## II.  FACTUAL BACKGROUND

The TAC is Plaintiffs' fourth pleading in this action. *See* Dkt. Nos. 1, 38, 63, 81. Plaintiffs filed their initial Complaint over two years ago, on August 29, 2016, targeting fifty-two General Mills cereals, bars, and other products, and alleging that 474 statements carried on these products were deceptive. *See* Complaint Dkt. No. 1, App. 1. General Mills moved to dismiss. *See* Dkt. Nos. 24–25 (Motion to Dismiss). Plaintiffs responded by filing an Amended Complaint, withdrawing some claims that General Mills had identified as defective in its Motion, and adding others. *See* Dkt. No. 38 (Amended Complaint).

General Mills moved to dismiss Plaintiffs' Amended Complaint, and the Court issued its Order on General Mills' Motion in September 2017. *See* Dkt. No. 60 (Order Granting in Part and Denying in Part Motion to Dismiss, Adopting Related Case Authority, and Requiring Refiling of Amended Complaint) ("First Dismissal Order"). In its First Dismissal Order, the Court adopted the rulings issued in two related cases pending against Post and Kellogg's "with full force" and ordered Plaintiffs "to file a second amended complaint in conformity with the applicable legal holdings in the[se] other two, similar matters . . ." *Id.* at 3. The Court's Order made clear that "[f]ully knowledgeable about the scope of their claims and the overlapping legal issues, it [would] be the Plaintiffs' burden to file an amended complaint which specifically addresses the multiple legal deficiencies identified and addressed in both previously decided matters." *Id.* at 3–4. The Court explicitly directed that "[s]hould Plaintiffs question whether any particular legal holding is applicable to this matter, they should find that it does and err on the side of amending to address any such legal deficiencies identified in the two prior matters before this district." *Id.* at 4.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On November 27, 2017, Plaintiffs filed their Second Amended Complaint. *See* Dkt. No. 63 (Second Amended Complaint). As in their prior complaints, the Second Amended Complaint continued to challenge statements on General Mills' cereals and bars that are expressly preempted health or nutrient content claims, true claims about the products' ingredients, and nonactionable puffery. *See generally* Dkt. Nos. 65–66 (Motion to Dismiss Second Amended Complaint).

For example, the court in *Hadley v. Kellogg Sales Co. (Hadley II)*, held that all claims referencing whole grains or fiber are implied nutrient content claims preempted under 21 U.S.C. § 343-1(a)(5). *See* 273 F. Supp. 3d 1052 (N.D. Cal. 2017). Judge Koh explained that whole grain claims—such as "Whole Grains | Wholesome Fiber | Real Fruit / Take care of you"—"identify fiber as a nutrient in Defendant's product or imply the presence of fiber through statements about whole grains," and are expressly preempted as a result. *Id*. at 1078. Likewise, statements about fiber, such as "FIBER / Fiber, like bran fiber, plays a very important part in your digestive health and overall well-being," imply that the cereal contains fiber and are permitted nutrient content claims. *Id.* at 1077. Plaintiffs' Second Amended Complaint nonetheless challenged as actionable numerous "whole grain" claims that implicitly characterize the amount of fiber in General Mills' products, as well as other "fiber" claims, all of which are expressly preempted and barred by the *Hadley II* order. *See generally* Dkt. Nos. 65–66 (Motion to Dismiss Second Amended Complaint.).

On September 28, 2018, the Court granted in part and denied in part General Mills' motion. Dkt. No. 76 (Second Dismissal Order). The Second Dismissal Order noted that the Plaintiffs' Second Amended Complaint continued to challenge statements that were subject to the Court's First Dismissal Order. *Id.* at 3 ("Contesting the decisions made in the other cases as erroneous, Plaintiffs reallege a number of the same types of statements dismissed in those prior orders."). The Court's Second Dismissal went on to instruct that "it shall—again—be the Plaintiffs' burden to file a further amended complaint which specifically addresses the multiple legal deficiencies identified and addressed in this district's previously-decided matters." *Id.* at 5.

The Plaintiffs filed the TAC on December 7, 2018. The TAC still challenges a substantial number of products (32 General Mills' Cereals) and labeling claims (131) as allegedly misleading. *See* TAC App'x 1 (Dkt. No. 81-1).

As with the prior complaints, the TAC is heavily premised on allegations regarding the purported negative health effects of consuming "added sugar"—metabolic syndrome, type 2 diabetes, liver disease, obesity—drawn principally from studies that examine added sugar consumption from sugar sweetened beverages. *See* TAC ¶¶ 10–104. There is no allegation in the TAC that these studies purport to show any causal link between the consumption of added sugar in the products at issue in this case, Cereals, and the health harms identified. The TAC nonetheless alleges based on these studies that "consumption of these products is decidedly *unhealthy*." TAC ¶ 187. This purported health risk underpins the TAC's allegation that the challenged statements on the Cereals' labels are misleading. *Id.*; *see also id.* ¶¶ 188–244. As before, the TAC alleges violation of California consumer protection laws, and breaches of express and implied warranties, and seeks certification of a putative class of California consumers. *Id.* ¶¶ 331, 340–367.

### III.    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(a)(3))

1.    Should the Court dismiss the TAC because it challenges statements not misleading to a reasonable consumer?

2.    Should the Court dismiss the TAC because it challenges claims that are expressly preempted under federal law?

3.    Should the Court dismiss the TAC's warranty claims?

### IV.    ARGUMENT

Plaintiffs' TAC once again fails to cure flaws in the prior-filed Complaints, and in so doing disregards the directives in the Court's First and Second Dismissal Orders. This Court adopted express preemption, reasonable consumer, and puffery analyses that compel the dismissal of all claims asserted in the TAC. A claim-by-claim analysis of the specific labeling claims challenged in the TAC, along with a faithful application of this Court's First and Second Dismissal Orders,

-4-

reveal that the TAC challenges lawful and truthful statements either protected by federal law or non-actionable under the "reasonable consumer" standard.[1]

More fundamentally, intervening relevant authority holds that the two central premises of Plaintiffs' TAC—that a consumer is deceived about a product's sugar content even if the label plainly discloses the fact of that content, or that a consumer has been tricked into buying an unhealthy product when the complaint fails to allege that the product actually *causes* any health harms—are implausible.

Under either rationale, the TAC must be dismissed with prejudice.

**A.    The TAC Should be Dismissed With Prejudice Because It Is Premised on Allegations Courts in This District Have Recently Rejected as Not Misleading to a "Reasonable Consumer."**

In both of its prior dismissal Orders, this Court considered guidance from decisions of other Northern District Courts presiding over cases raising similar issues. In doing so, this Court pointed to the fact these cases were, "filed by the same Plaintiffs' counsel," involved "similar claims and arguments," and involved the "same or similar legal theories." First Dismissal Order at 2, 3; Second Dismissal Order at 3. Recent authority meeting all these criteria—cases filed by the same Plaintiffs' counsel, pending in this District, and involving the same claims, arguments and legal theories— demonstrate that the TAC's theory of relief is implausible, not misleading to a reasonable consumer, and subject to complete dismissal.

First, on December 21, 2018, Judge William Alsup dismissed with prejudice *Clark v. Perfect Bar, LLC*, Case No. 18-cv-6006-WHA (N.D. Cal. Dec. 21, 2018) (Dkt. No. 23) (Order on Motion to Dismiss) (hereinafter "*Clark* Dismissal Order"), a putative class action challenging the labeling of the defendants' nutrition bar products based on their added sugar content. *See id. Clark*

---

[1] *See* Declaration of Charles C. Sipos in Support of Request for Judicial Notice ("RJN"), Ex. A. RJN Exhibit A is a chart identifying each of the claims challenged in the TAC, and the specific grounds for dismissal as to each claim. For the Court's convenience in ruling on the Motion, General Mills has also submitted this chart as an Exhibit to its [Proposed] Order, in Microsoft Word format, with a column on the far-right hand side of the chart labeled "Dismissed with Prejudice." Because of Plaintiffs' recalcitrance in dismissing particular claims from prior complaints, the Court may use this chart (of course, only at the Court's election to do so and if the Court deems it useful) to indicate dismissal of particular claims with an "X" in the column labeled "Dismissed with Prejudice," to avoid any uncertainty as to claims that have been dismissed.

-5-

was, just like this case, a putative class action filed by the same Plaintiffs' counsel alleging that certain "misleading health and wellness" claims on the packaging of the defendant's nutrition bars were false and misleading due to alleged "excessive sugar" in the products. *See* RJN, Ex. B (Complaint, *Clark v. Perfect Bar, LLC*, Case No. 18-cv-6006-WHA, Dkt. No. 1 (N.D. Cal. filed Sept. 30, 2018)). This theory is, of course, identical to the theory of deception alleged in the TAC. *See* TAC ¶ 187. In fact, dozens of factual allegations in the *Clark* Complaint are re-alleged nearly verbatim in the TAC. *Compare* RJN Ex. B (*Clark* Complaint ¶¶ 13–112), *with* TAC ¶¶ 10–104 (both Complaints containing substantively identical allegations of fact, often reproduced verbatim). And, just like the TAC, the *Clark* Complaint asserted claims for violation of California consumer protection laws and breach of warranties.

The defendant in *Clark* moved to dismiss on grounds that the plaintiffs' theory of deception was implausible, as the products' labels plainly disclosed their sugar content, and so a "reasonable consumer" could not be deceived about the products' health benefits. *See* Defendant's Motion to Dismiss, *Clark v. Perfect Bar, LLC*, No. 3:18-cv-06006-WHA, Dkt. No. 15, at 5–11 (N.D. Cal. filed Nov. 8, 2018). Judge Alsup agreed and dismissed with prejudice. *See Clark* Dismissal Order, No. 3:18-cv-06006-WHA. As the court cogently explained:

> Defendant Perfect Bar, LLC, at all material times in question, remained in compliance with all sugar-disclosure regulations. It is true that the bars contained honey and thus sugar, but that was disclosed on the packaging as well as the amount of the sugar. Plaintiffs' grievance is that the packaging led them to believe that the bars would be "healthy" when, in supposed point of fact, the added sugar rendered them unhealthy or, in the alternative, less healthy from what they otherwise would have believed. This is untenable. The actual ingredients were fully disclosed. Reasonable purchasers could decide for themselves how healthy or not the sugar content would be. No consumer, on notice of the actual ingredients described on the packing including honey and sugar, could reasonably overestimate the health benefits of the bar merely because the packaging elsewhere refers to it as a health bar and describes its recipe as being handed down from a health-nut parent. The honey/sugar content was properly disclosed—that's the end of it—period.

*Id.* at 1–2. Thus, *Clark* holds that a reasonable consumer cannot be misled about a food product's purported "excessive" sugar content when that food's labels plainly disclose its sugar content. *Id.*

Second, in *Becerra v. Coca-Cola, Co.*, 2018 WL 1070823, at *4 (N.D. Cal. Feb. 27, 2018), a putative class action brought by Plaintiffs' counsel challenging the marketing and labeling of defendant's diet drink, Judge Alsup held that the complaint's reliance on scientific studies to allege that the defendant's product was unhealthy because it led to weight gain was not plausible where those studies failed to indicate that the product actually *caused* those health effects.[2] *Id.* As *Becerra* explained, the studies plaintiff cited, at most, raised the possibility of *correlation* between diet soda consumption and weight gain, not *causation*. *Id.* ("Read in the light most favorable to [plaintiff], these studies all acknowledge that the question of *causation*, rather than *correlation*, remains undetermined.") (emphasis in original). And because the complaint's theory of deception depended on its allegation that the defendant's product actually caused some health harm, the complaint itself was deemed implausible under the "reasonable consumer" standard. *Id.* ("This order holds that [plaintiff's] complaint fails to allege facts sufficient to demonstrate that Coca-Cola's advertisements are false and misleading. With a conclusory wave of counsel's hand, [plaintiff] has overstated the actual science set forth in the citations.").[3]

Read together, *Clark* and *Becerra* confirm that the Plaintiffs' theory of relief is implausible, and that the TAC should be dismissed in its entirety. As in *Clark*, every single Cereal the Plaintiff challenges plainly discloses the product's sugar content on both the side panel *and* the front of the

---

[2] *Becerra* was filed by the same Plaintiffs' counsel who filed this action. *See* Complaint, *Becerra v. Coca-Cola*, Case No. 17-cv-05916, Dkt. No. 1 (N.D. Cal. filed Oct. 16, 2017). It advanced the same basic theory of relief that because scientific studies purported to show that the defendant's product was unhealthy, any marketing or labeling that suggested the product might be healthy was misleading under California's consumer protection statutes and violated common law warranties. *Compare id.* ¶¶ 1–3, 15–34, *with* TAC ¶¶ 1–3.

[3] Judge Orrick, who authored *Krommenhock*, granted defendant's motion to dismiss in a similar diet soda case, *Becerra v. Dr Pepper/Seven Up., Inc.*, 2018 WL 1569697, at *1 (N.D. Cal. Mar. 30, 2018). Like Judge Alsup, he held that "the studies [cited in the complaint] do not allege causation at all—at best, they support merely a correlation or relationship between artificial sweeteners and weight gain." *Id.* at *6. He distinguished *Krommenhock*, reasoning that the studies cited in the *Krommenhock* complaint (which are the same as those cited in the TAC) established a factual dispute as to whether sugar consumption causes negative health outcomes. *Id.* In *Becerra v. Coca-Cola*, Plaintiff's counsel argued to Judge Alsup that *Hadley* should apply, *see* Opposition to Motion to Dismiss, *Becerra v. Coca-Cola, Co.*, No. 3:17-cv-5916-WHA, at 16 (N.D. Cal. filed Jan. 30, 2018), and Judge Alsup was no doubt aware of *Krommenhock* as well. Yet, Judge Alsup felt no need to distinguish these cases. As *Becerra v. Coca-Cola* is thus the narrower of the cases, this Court should follow it here. *See* First Dismissal Order at 4; Second Dismissal Order at 5 (urging narrow construction of relevant case authority).

-7-

product's labeling. *See* Declaration of Charles C. Sipos in Support of Request for Judicial Notice, Dkt. No. 50, Ex. A (hereinafter 2016 Sipos Decl.). Thus, "the actual ingredients were fully disclosed. Reasonable purchasers could decide for themselves how healthy or not the sugar content would be." *Clark* Dismissal Order at 1, No. 3:18-cv-06006-WHA. And as in *Becerra*, while the TAC cites a litany of studies purporting to show that added sugar in sugar-sweetened beverages may lead to certain health harms, *none* of the studies cited purport to show that these health effects are *caused by* eating *cereal* containing added sugar—which are the only products at issue in this case. So, while the TAC's theory of deception depends on its allegations that consuming cereal with added sugar is unhealthy, none of the science Plaintiffs rely on plausibly supports that causal link. *Clark* Dismissal Order at 1–2, No. 3:18-cv-06006-WHA; *Becerra*, 2018 WL 1070823, at *4.

In light of this Court's prior reliance on similar cases to evaluate the Plaintiffs' claims, and the substantial overlap between the TAC's allegations and those in *Clark* and *Becerra*, Plaintiffs' theory of relief may be evaluated based on this authority. *Clark* and *Becerra* mandate dismissal of the TAC with prejudice: No "reasonable consumer" is misled about the Cereals added sugar content, nor does the TAC plausibly allege that eating cereal with added sugar causes any of the health harms the TAC identifies. *Clark* Dismissal Order at 1–2, No. 3:18-cv-06006-WHA; *Becerra*, 2018 WL 1070823, at *4.

**B.     The Court Should Dismiss With Prejudice All Claims in the TAC That Are Not Misleading to a Reasonable Consumer.**

Even if this Court does not apply the more recent authority in *Clark* and *Becerra*, the TAC remains replete with labeling claims that must be dismissed because they are not misleading to a reasonable consumer under standards articulated by the court in *Hadley II*, which this Court adopted in both of its prior Dismissal Orders.

**1.     Legal Standard**

To state a claim for relief under the UCL, FAL, and CLRA, "Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer." *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *3 (C.D. Cal. Sept. 20, 2017). Under the reasonable consumer standard, a plaintiff "must show that members of the public are likely to be

-8-

deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation and internal quotation marks omitted). "This requires more than a mere possibility that [the] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.' Rather, the reasonable consumer standard requires a probability 'that a significant portion of the consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citation omitted). "[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 899 (N.D. Cal. 2012).

> ## 2. The Court Should Dismiss With Prejudice All Claims Based on Truthful and Accurate Descriptions of General Mills Cereals' Ingredients.

Numerous claims in the TAC are subject to dismissal under the "reasonable consumer" standard because they are truthful and accurate descriptions of the Cereals or their ingredients. The Court in *Hadley II* held that factually true statements, such as claims that the products at issue contained "No High Fructose Corn Syrup," were not misleading to a reasonable consumer because such statements "[are] not false and [do] not misrepresent the contents of the product." 273 F. Supp. 3d at 1081.

The same is true for several of the TAC's remaining claims. Claims such as "a healthful fruit and nut medley" on Basic 4 accurately describe the Cereals' ingredients. *Compare* TAC App'x 1, at 11, *with* 2016 Sipos Decl., Dkt. No. 50, Ex. A, at 25 (listing almond pieces and dried cranberries as ingredients). And claims such as "Calcium = an essential mineral that helps build strong bones and teeth," and "Vitamin D = a nutrient that helps growing bodies absorb calcium," TAC App'x 1, at 14, are likewise factually true statements about the Cereals' nutrients; Plaintiffs cannot and do not allege these statements are false. *See* TAC ¶¶ 15–66. Plaintiff cannot save these claims from dismissal by arguing that they allegedly suggest the Cereals are healthier than Plaintiff now believes them to be because of their added sugar content, as the *Hadley* Court rejected that exact argument when analyzing the factually true "No High Fructose Corn Syrup" claim. *Hadley II*, 273 F. Supp. 3d at 1080–81.

-9-

For these reasons, the label claims discussed above and identified in RJN, Exhibit A are not misleading to a reasonable consumer. Claims based on these statements should be dismissed with prejudice.

### 3. The Court Should Dismiss With Prejudice All Claims Based on Nonactionable Puffery.

A reasonable consumer is not likely to be misled by claims that are mere puffery, that is, claims that are "generalized, vague, and unspecified." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1005 (9th Cir. 2003). "Ultimately the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim. . . . " *Newcal Indus., Inc. v. Ikon Office Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008). Statements that are unquantifiable, do not describe the "specific or absolute characteristics of a product," or would be understood by a reasonable consumer as advertising jargon are puffery. *Id.*; *see also Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 499 (5th Cir. 2000) (explaining that "a vendor is allowed some latitude in claiming the merits of his wares," and indeed reasonable consumers have come to expect some advertising fluff).

Applying this case law, the Court in *Hadley II* dismissed dozens of claims as mere puffery. For example, the Court held that claims with certain words like "nutritious" that might otherwise be actionable, when accompanied by an adjective or adverb, such as "unbelievably" (in the claim "unbelievably nutritious"), "positively" (in the claim "positively nutritious"), and "better" (in the claim "eat better") are puffery because "[w]hether or not Defendant's products are believably or 'unbelievably' nutritious depends on a subjective determination that is more exaggerated than the 'nutritious' statement alone." 273 F. Supp. 3d at 1084, 1089. Likewise, descriptions of the amount of sweetness in the products—such as "with a Touch of Golden Honey" and "Touch of Sweetness"—are unquantifiable and therefore puffery. *Id.* at 1086–87. And the claims "full and focused" and "one good decision leads to another" are puffery because whether a cereal keeps one "full and focused" is a subjective determination that does not lend itself to static proof. *Id.* at 1088. Finally, "great start" and "breakfast brainpower" claims are puffery because they do not "describe 'specific or absolute characteristics' of the product." *Id.* at 1089–90. This Court's Second Dismissal

-10-

Order adopted that reasoning in full. *Id.* at 4 (explaining that claims are subject to dismissal as puffery where "too hard to quantify objectively or to be reasonably relied upon and therefore, under the precedent adopted by this Court, are considered non-actionable").

Here, as in *Hadley II*, the TAC contains numerous statements that are mere puffery and are therefore not misleading to a reasonable consumer. *See* RJN, Ex. A (listing claims). For example, the claim "a perfect balance of whole grain goodness and a delicious touch of chocolate taste in every bite . . ." on Chocolate Cheerios contains the same type of modifiers that, in *Hadley II*, converted actionable claims to non-actionable claims. *Compare* TAC App'x 1, at 4 ("*perfect* balance" and "*delicious* touch"), *with Hadley II*, 273 F. Supp. 3d at 1083 ("*unbelievably* nutritious" (emphasis added)), *and id.* at 1089 ("eat *better* all day" (emphasis added)). The same goes for "It's a *deliciously* smart choice for everyone at your breakfast table," *id.* at 5 (emphasis added), "Another *feel good* flavor," *id.* (emphasis added), "*simply* nutritious," *id.* at 9–11 (emphasis added), and "Multi Grain Cheerios Peanut Butter cereal makes my world feel like some *big wonderful whirl* of peanut butter taste . . . ," *id.* at 5 (emphasis added), among others. In the same vein, the claims "GROWING UP STRONG / With Big G Cereals," *id.* at 14–15, and "your taste buds will never know how well you're eating," *id.* at 7–8, should be dismissed for the reason Judge Koh dismissed the claim "eat better all day" in *Hadley II*: the use of the words "strong" and "well," like the use of the word "better" "is puffery because the advertising here provides no means by which to determine what it means to" grow up strong or eat well. *Hadley II*, 273 F. Supp. 3d at 1089.

Unquantifiable descriptions of the amount of sweetness in the Cereals, such as "a harvest of wholesome sweetness," TAC App'x 1, at 11, are puffery and subject to dismissal for the same reason the Court dismissed claims like "just the right amount of sweetness" in *Hadley II*. 273 F. Supp. 3d at 1086; *see also Salazar v. Honest Tea*, 74 F. Supp. 3d 1304, 1317 (E.D. Cal. 2014). Further, the claim "a good, wholesome breakfast," TAC App'x 1, at 11, is puffery because—like the claim "one good decision leads to another" in *Hadley II*—it implies that eating the Cereals is a "good decision. However . . . what is or is not a good decision is a subjective determination." *Hadley II*, 273 F. Supp. 3d at 1088. And claims such as "It's never too early to get them on a healthy

diet," TAC App'x 1, at 3, are puffery because—like the claim "A great way to START THE DAY" in *Hadley II*—they do "not describe 'specific or absolute characteristics' of the product, but involve '[g]eneralized, vague, and unspecified assertions.'" *Hadley II*, 273 F. Supp. 3d at 1088. The same is true for claims such as "Kid Tested, Mother Approved," and "Please visit www.GeneralMills.com/health." *Compare* TAC App'x 1, at 14, 2, *with Hadley II*, 273 F. Supp. 3d at 1090 (dismissing "breakfast brainpower" claims). Accordingly, those claims identified in RJN Exhibit A as non-actionable puffery should be dismissed with prejudice.

**C.      The Court Should Dismiss With Prejudice All Claims that are Preempted.**

As was true in all prior complaints, the TAC contains numerous claims that are expressly preempted under the Nutrition Labeling and Education Act of 1990 ("NLEA"), particularly as interpreted by the court in *Hadley II*. Moreover, the TAC continues to re-assert claims plainly covered by the preemption holdings in *Hadley II* and this Court's Second Dismissal Order.

First, numerous claims in the TAC are preempted nutrient content claims that fall within the scope of NLEA express preemption. *See* 21 C.F.R. § 101.13(b) (nutrient content claims are those that "expressly or implicitly characterize the level of nutrient of the kind required to be in nutrition labeling"); 21 U.S.C. § 343(r)(1)(A) (nutrient content claims those that "characterize the level of any nutrient"); 21 U.S.C. § 343-1(a)(5) (nutrient claims subject to NLEA preemption). As this Court previously explained, nutrient content claims include those that "imply that the product contains fiber and is healthier as a result or that contain . . . statements involving the words 'wholesome' or 'take care of you' in association with fiber *or whole grains* were preempted." Second Dismissal Order at 3 (emphasis added). The TAC nonetheless continues to contain many "whole grain" claims that implicitly characterize the amount of fiber in the cereals. For example, "Whole Grains Council Stamp," "5 Lightly Sweetened Whole Grains," and "More Grains," all remain in the TAC. *See* TAC App'x 1, at 1, 3, 5, 6–15. These claims are preempted. *See* RJN, Ex. A (identifying claims subject to dismissal as nutrient content claims); *see also, e.g.*, *Hadley II*, 273 F. Supp. 3d at 1077 (dismissing "More of the whole grains your body needs" as preempted nutrient content claim).

-12-

Second, the TAC likewise continues to assert claims based on language that is associated with permitted health claims, even though this Court has explicitly held that such language is preempted. *See* Second Dismissal Order at 3 ("[T]he Court here finds that the 'heart healthy' statements that are combined with such approved language are also preempted."); *see also* 21 U.S.C. § 343-1(a)(5) (health claims subject to NLEA preemption). Yet, as in prior complaints, the TAC challenges several such preempted claims, including for example "Can help lower cholesterol" inside a heart vignette, "Certified by the American Heart Association," and "Flavors your heart will love." *See* TAC App. 1, at 1, 2. These claims simply cannot survive the preemption rationale that this Court has explicitly adopted. Second Dismissal Order at 3; *see also Hadley II*, 273 F. Supp. 3d at 1076 (citing *In re Quaker Oats Labeling Litig.*, 2012 WL 1034532 (N.D. Cal. Mar. 28, 2012)); RJN Ex. A.

**D.     The Court Should Dismiss the Breach of Express and Implied Warranty Claims With Prejudice.**

To state a claim for breach of express warranty, a plaintiff must allege "that the seller '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.'" *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013); *see also* Cal. Comm. Code § 2313(1). The plaintiff must allege the "exact terms of the warranty." *Nabors v. Google, Inc.*, 2011 WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011). To state a claim for breach of the implied warranty of merchantability, a plaintiff must plead "that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Viggiano*, 944 F. Supp. 2d at 896 (citing *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)).

Plaintiffs' breach of express warranty claim fails for the same reasons that their consumer protection claims fail: the label statements on which the claim is based are either preempted, *see supra* Part C, or are not misleading to a reasonable consumer, *see supra* Part B. *See Hadley II*, 273 F. Supp. 3d at 1094 ("The statements the Court found were puffery in the context of the FAL, CLRA, and unlawful UCL causes of action are also puffery in the express warranty context.").

-13-

Plaintiffs breach of implied warranty claim fails because Plaintiffs do not allege the Cereals were unfit for ordinary use. The Cereals' ordinary use is to be consumed, and there is no allegation in the 368-paragraph-long TAC that the Cereals are not fit to be consumed. *See generally* TAC; *see also Hauter v. Zogarts*, 14 Cal. 3d 104, 117 (1975) (The code does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality."). To the extent Plaintiffs' implied warranty claim is based on California Commercial Code § 2314(2)(f), that claim rises and falls with the express warranty claims.

**E.      The TAC Should Be Dismissed With Prejudice Because Further Amendment Would be Futile.**

This Motion challenges the Plaintiff's *fourth* successive complaint. Litigants who refuse to accept their complaint's defects are not entitled to endless amendments—particularly when the court has explained why the complaint is defective, yet the plaintiff fails to abide. *See Tyler v. Coggins*, 2012 WL 1074946, at *2 (E.D. Cal. Mar. 20, 2012) ("Despite having been given an opportunity to amend and having his pleading deficiencies pointed out, Plaintiff has filed an amended pleading which repeats those deficiencies. It is clear then that further leave to amend would be futile."). The proper result is, instead, dismissal with prejudice. *See Roberson v. Citibank, N.A.*, 2013 WL 752491, at *4 (N.D. Cal. Feb. 27, 2013) (White, J.) ("When the Court dismissed Plaintiff's initial complaint, the Court clearly explained why her claims were deficient and explained what was needed to cure these defects. In her amended complaint, Plaintiff essentially repeats her original allegations. Therefore, any leave to amend would be futile. Accordingly, the Court is not providing leave to amend and the dismissal is with prejudice.").

Dismissal with prejudice is the result mandated here for the same reason. Plaintiffs are not entitled to file yet another complaint that refuses to acknowledge the authority that disposes of their claims.

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs' TAC should be dismissed with prejudice.

-14-

1

2
DATED: January 11, 2019                    **PERKINS COIE LLP**

3
                                           By: */s/ Charles C. Sipos*

4
                                               Charles C. Sipos (*pro hac vice*)
                                               CSipos@perkinscoie.com

5
                                               David T. Biderman (Bar No. 101577)

6
                                               DBiderman@perkinscoie.com
                                               PERKINS COIE LLP

7
                                               505 Howard Street, Suite 1000
                                               San Francisco, CA 94105-3204

8
                                               Telephone: 415.344.7000
                                               Facsimile: 415.344.7050

9
                                               Jeffrey M. Hanson (*pro hac vice*)

10
                                               JHanson@perkinscoie.com
                                               Mica D. Klein (*pro hac vice*)

11
                                               MicaKlein@perkinscoie.com
                                               PERKINS COIE LLP

12
                                               1201 Third Avenue, Suite 4900
                                               Seattle, WA 98101-3099

13
                                               Telephone: 206.359.8000
                                               Facsimile: 206.359.9000

14
                                               *Attorneys for Defendant General Mills*

15
                                               *Sales, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           -15-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 11, 2019, I caused to be filed via the CM/ECF system a true and correct copy of the foregoing document and that service of this document was accomplished on all parties in the case by the CM/ECF system.

_/s/ Mica D. Klein_
Mica D. Klein, *pro hac vice*
MicaKlein@perkinscoie.com

-1-

CERTIFICATE OF SERVICE
(Case No. 4:16-cv-04957-JSW)