# Exhibit A

2019 WL 1076857
Only the Westlaw citation is currently available.
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

Tatiana KOROLSHTEYN, on behalf of herself and
all others similarly situated, Plaintiff-Appellant,
v.
COSTCO WHOLESALE CORPORATION
and NBTY, Inc., Defendants-Appellees.

No. 17-56435
|
Argued and Submitted November 9, 2018
|
Submission Vacated November 13, 2018
|
Resubmitted February 20, 2019 Portland, Oregon
|
Filed March 7, 2019

**Attorneys and Law Firms**

Elaine A. Ryan, Attorney, Bonnett, Fairbourn, Friedman & Balint, P.C., Phoenix, AZ, Max A. Stein, Boodell & Domanskis, LLC, Chicago, IL, Patricia N. Syverson, Esquire, Bonnett Fairbourn Friedman & Balint PC, San Diego, CA, Stewart M. Weltman, Siprut, PC, Chicago, IL, for Plaintiff-Appellant

William A. Delgado, Willenken Wilson Loh & Delgado, LLP, Los Angeles, CA, Megan O'Neill, Willenken Wilson Loh & Delgado LLP, San Francisco, CA, for Defendants-Appellees

Jennifer Marilyn Shield Adams, Amin Talati Upadhye LLP, Chicago, IL, for Amicus Curiae The Council for Responsible Nutrition

Appeal from the United States District Court for the Southern District of California Cathy Ann Bencivengo, District Judge, Presiding, D.C. No. 3:15-cv-00709-CAB

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,[*] District Judge.

MEMORANDUM[**]

**\*1** Tatiana Korolshteyn and other putative class action plaintiffs appeal an adverse summary judgment entered by the district court in favor of Costco Wholesale Corporation and NBTY and a denial of *Daubert* motions in a diversity class action. The class alleges that appellees violated California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") by falsely advertising the benefits of TruNature Ginkgo Biloba with Vinpocetine. Both parties had introduced expert testimony supporting their respective claims and the district court denied appellants' *Daubert* motions to exclude the testimony of three of the appellees' expert witnesses. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo. *See Edwards v. Wells Fargo & Co.*, 606 F.3d 555, 557 (9th Cir. 2010). We review a district court's admission of scientific evidence for abuse of discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Because the district court did not have the benefit of a recently released decision of our court, we reverse the district court's grant of summary judgment, affirm the denial of the *Daubert* motions, and remand for further proceedings.

Based on the recently released opinion, the district court erred in granting summary judgment by failing to apply the appropriate substantive evidentiary standard of a preponderance to claims brought under California's consumer protection laws. *See Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). The appropriate evidentiary standard must be applied in determining whether a factual dispute must be submitted to a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The district court applied a tougher, conclusive standard, holding that the existence of scientific studies supporting the alleged benefits of the product precluded the appellants from conclusively proving falsity in the appellees' product labeling. We therefore remand so that the district court may apply the newly clarified standard. *See Sonner* at 992.

The district court did not abuse its discretion in denying appellants' [Daubert](...) motions and admitting the testimony of appellees' expert witnesses. Concerns regarding the admission of "shaky" evidence are resolved through the trial process through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." [Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596, 113 S.Ct.](...) 2786, 125 L.Ed.2d 469 (1993). We affirm the district court's denial of appellants' [Daubert](...) motions.

**REVERSED IN PART, AFFIRMED IN PART, and REMANDED.**

Each party shall bear its own costs on appeal.

**All Citations**

--- Fed.Appx. ----, 2019 WL 1076857 (Mem)

Footnotes

\*   The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.
\*\*  This disposition is not appropriate for publication and is not precedent except as provided by [Ninth Circuit Rule 36-3](...).
1   The motion to file and request to extend time for filing an *Amicus Curiae* by the Consumer Attorneys of California in support of appellants is denied as moot following the panel's reversal of summary judgment and the Court's recent decision in *Sonner v. Schwabe N. Am., Inc.*, [911 F.3d 989 (9th Cir. 2018)](...) confirming the appropriate standard of proof in UCL and CLRA claims.

---

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.