IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY TRUXEL and STEPHEN HADLEY, individually, and on behalf of those similarly situated, and the general public,<br><br>    Plaintiffs,<br><br>  v.<br><br>GENERAL MILLS SALES, INC.,<br><br>    Defendant. | No. C 16-04957 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    Now before the Court is the motion of Defendant General Mills Sales, Inc. ("Defendant") to dismiss the Third Amended Complaint filed by Plaintiffs Beverly Truxel and Stephen Hadley ("Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court GRANTS the motion to dismiss without leave to amend.

## BACKGROUND

Plaintiffs bring this suit challenging Defendant's marketing and sales of breakfast cereals and snacks with high sugar content. In their second amended complaint, Plaintiff again alleges that consumption of "added sugar is **toxic** to the human body. . . . [and ingestion of] any amount above approximately 5% of daily caloric intake – greatly increases the risk of heart disease, diabetes, liver disease, and a wide variety of other chronic morbidity." (Dkt. No. 81, Third Amended Complaint "(TAC") ¶ 1 (emphasis in original).) Plaintiffs contend that "[d]espite the compelling evidence that sugar acts as a chronic liver toxin, detrimentally affecting health, to increase the price and sales of its products, General Mills leverages a policy and practice of marketing high-sugar cereals, bars, and other foods with health and wellness claims." (*Id.* at ¶ 2.) Plaintiffs allege that Defendant's health and wellness claims are "deceptive because they are incompatible with the significant dangers of the excessive added sugar consumption to which these foods contribute." (*Id.*)

Plaintiffs allege that they have purchased and consumed many of Defendant's products over the course of the past ten years. (*Id.* at ¶¶ 277-330, 331-39.) Plaintiffs allege that with respect to each variety of breakfast cereals or snacks, they "read and decided to purchase the products in substantial part based on General Mill's health and wellness labeling statements . . . [making] the products seem like healthy food choices." (*Id.* at ¶¶ 287, 306.) Plaintiffs allege that when purchasing Defendant's products, they were unaware of the extent to which consuming high levels of added sugar in any form adversely affect blood sugar, and that they would not have purchased the products if they had known that they were not as healthy as represented. (*Id.* at ¶¶ 290, 316.)

Plaintiffs filed this action on August 29, 2016 alleging claims for relief for violations of False Advertising Law, California Business & Professions Code section 17500, *et seq.*, Consumer Legal Remedies Act, California Civil Code section 1750, *et seq.*; and California's Unfair Competition Law, California Business & Professions Code section 17200, *et seq.* In response to a pending motion to dismiss, Plaintiffs filed an amended complaint and added two further claims for relief for breach of express warranty and breach of implied warranty of merchantability. A second motion to dismiss followed the first amended complaint. The Court explicitly adopted the rulings

2

from the courts in this district that had issued orders on similar claims and arguments. In the interest of the conservation of judicial resources, the Court explicitly adopted the rulings in *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2017 WL 1065293 (N.D. Cal. Mar. 21, 2017), and *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052 (N.D. Cal. Aug. 10, 2017) ("*Hadley II*"), and *Krommenhock v. Post Foods, LLC*, No. 16-cv-04958-WHO, 255 F. Supp. 3d 938 (N.D. Cal. 2017).

Because Plaintiffs' counsel filed three separate actions with similar legal issues, with overlapping individual plaintiffs, alleging the same or similar legal theories, the Court determined that, in the interest of conservation of judicial resources, it would grant in part Defendant's pending motion to dismiss. The Court ordered Plaintiffs to file a second amended complaint in conformity with the applicable legal holdings in the other two, similar matters before this District Court. The same legal reasoning present in the other matters, directly applicable to this matter, were adopted with full force and Plaintiffs were instructed to apply those holdings interpreted broadly.

After the filing of a second amended complaint, and subsequent rulings in the similar matters still pending before this Court, the undersigned granted Defendant's motion to dismiss, again determining that the reasoning of the previous orders was directly relevant to the present case. The Court adopted the reasoning that statements that "imply that the product contains fiber and is healthier as a result" or that "contain . . . statements involving the word 'wholesome' or 'take care of you' in association with fiber" or whole grains were preempted. *Hadley II*, 273 F. Supp. 3d at 1077-78. As this Court had previously instructed, regardless of Plaintiffs' contention that it was wrongly decided, the holdings of *Hadley II* were applicable here and the same nutrient and health claims were similarly preempted. In addition, distinct from the claims that did not have the FDA-approved language associated with it, the Court found that the "heart healthy" statements on Defendant's packaging that are combined with such approved language were also preempted. *See id.* at 1076 (citing *In re Quaker Oats Labeling Litig.*, 2012 WL 1034532 (N.D. Cal. March 28, 2012)).

In addition, the Court reiterated that it had already adopted the reasoning in *Hadley II*, and continuing to find it persuasive, held that these true phrases such as "does not contain high fructose corn syrup" and "simply made" do not, on their own, constitute actionable misrepresentation and are

3

not misleading to the reasonable consumer. *See id.* at 1080-81. The Court also adopted the holding that certain statements such as "sustained energy" and "nutritious, long-lasting energy" are, as bundled statements, akin to exaggerated advertising and as such are non-actionable puffery. *See id.* So too are statements such as "great start," "full and focused," "daring amount of cinnamon" or "a world of goodness" – these claims are too hard to quantify objectively or to be reasonably relied upon and therefore, under the precedent adopted by this Court, are considered non-actionable puffery.

Now in their fourth round of amendment, the Court addresses Defendant's motion to dismiss. In the interim time, there have a been a number of relevant decisions decided in this District which bear upon the outcome of this matter.

The Court shall address other specific facts in the remainder of its order.

## ANALYSIS

**A.   Applicable Legal Standards on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to

4

state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.      Reasonable Purchaser Standard for Consumer Protection Claims.**

In the fourth iteration of their complaint, Plaintiffs seeks to assert claims under the False Advertising Law, California Business & Professions Code section 17500, *et seq.* ("FAL"), Consumer Legal Remedies Act, California Civil Code section 1750, *et seq.* ("CLRA"); and California's Unfair Competition Law, California Business & Professions Code section 17200, *et seq.* ("UCL") against Defendant on the basis that it made false, misleading, and deceptive statements in advertising and packaging its cereal products, thereby misleading consumers into believing that they were purchasing healthy products. The FAL and the CLRA prohibit false or misleading advertising. Specifically, the FAL prohibits the dissemination of any statement concerning property or services "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

The CLRA provides protection for consumers against unfair and deceptive business practices. Cal. Civ. Code § 1750, *et seq.*; *see also Bescos v. Bank of Am.*, 105 Cal. App. 4th 378, 387 (2003). The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any customer." Cal. Civ. Code § 1770(a). One such practice

proscribed by the CLRA is "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another." Cal. Civ. Code § 1770(a)(7).

As a threshold matter, in order to state a claim under the UCL or CLRA, a plaintiff must allege that the alleged false and misleading statements were "likely to deceive a reasonable consumer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).[1] "The term 'likely' means probable, not just possible." *Id.* (citing *Freeman v. Time, Inc.* 68 F.3d 285, 289 (9th Cir 1995)). "This requires more than a mere possibility that [the] label 'might conceivably be misunderstood by some few customers viewing it in an unreasonable manner.' Rather, the reasonable consumer standard requires a probability 'that a significant portion of the consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citation omitted). As the Ninth Circuit noted, "[t]he California Supreme Court has recognized that these laws prohibit not only [statements] which are false, but also [statements] which, although true, [are] either actually misleading or which ha[ve] a capacity, likelihood or tendency to deceive or confuse the public." *Williams*, 552 F.3d at 938 (quotation marks and brackets omitted). However, "[i]f the alleged misrepresentation would not mislead a reasonable consumer, then the allegation may be dismissed on a motion to dismiss." *Id.* (citing *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994)).

Plaintiffs' theory of the case – with nearly identical language in the complaint regarding the health effects of sugar – was recently determined to be an untenable application of the reasonable consumer standard. In *Clark v. Perfect Bar*, this District held that no reasonable consumer is deceived regarding the product's sugar content, and whether it may or may not be healthy as a result, when the product's label plainly discloses the amount of sugar in the product. The defendant in *Clark* moved to dismiss on the basis that plaintiffs' theory of deception – the precise one adopted here by the same plaintiffs' counsel – was implausible. Similarly, there, the products' labels plainly disclosed their sugar content, and thus the Court found a "reasonable consumer" could not be

---

[1] The same standard is applied in FAL labeling cases. *See Williams v. Gerber Prods. Co.*, 439 F. Supp. 2d 1112, 1115-17 (S.D. Cal. 2006). Because the same standard for fraudulent activity governs all three statutes, courts often analyze the three statutes together. *See, e.g., In Re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014).

6

deceived about the products' health benefits. In *Clark,* Judge Alsup determined that "[t]he actual ingredients were fully disclosed. Reasonable purchasers could decide for themselves how healthy or not the sugar content would be. No consumer, on notice of the actual ingredients described on the packing including honey and sugar, could reasonably overestimate the health benefits of the bar merely because the packaging elsewhere refers to it as a health bar. . . . The honey/sugar content was properly disclosed – that is the end of it – period." *Clark v. Perfect Bar, LLC*, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018). This Court in *Clark* held that, as a matter of law, a reasonable consumer cannot be misled about a food product's purported "excessive" sugar content where that food's label plainly discloses the sugar content. *Id.*; *see also McKinniss v. General Mills, Inc.*, 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (holding that a reasonable consumer "would then be expected to peruse the product's contents simply by reading the side of the box containing the ingredient list."). As the Ninth Circuit in *Ebner v. Fresh, Inc.* explained, *Gerber* did not hold that litigants may ignore the information on a product's label. Rather, *Gerber* "stands for the proposition that if the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." 838 F.3d at 966. Similarly, here the Court finds that Plaintiffs cannot plausibly claim to be misled about the sugar content of their cereal purchases because Defendant provided them with all truthful and required objective facts about its products, on both the side panel of ingredients and the front of the products' labeling. Here too, the actual ingredients were fully disclosed and it was up to the Plaintiffs, as reasonable consumers, to come to their own conclusions about whether or not the sugar content was healthy for them.

In this regard, there is no consensus on just how much sugar is healthy for consumption. As the FDA recently explained, "We decline to set a DRV [daily recommended value] for sugars or to require the declaration of a percent DV for sugars. We are not aware of data or information related to a quantitative intake recommendation for sugars that we may use as the basis for a DRV for total sugars." 81 Fed. Reg. 33742-01 (May 27, 2016) at 33798. Defendant is under no obligation to warn its consumers that certain levels of sugar may be associated with poor health results. In fact, federal express preemption bars that demand as federal law for the disclosure of sugar content in food

7

imposes no such requirement. *See* 21 U.S.C. § 343-1(a); *see also Fisher v. Monster Beverage Corp.*, 2013 WL 4804385, at *11 (C.D. Cal. July 9, 2013) ("Plaintiffs seek to impose an obligation to post certain warnings that are not imposed by the FDA. Accordingly, the NLEA preemption provision applies.").

Finally, the Court also takes notice of the recent rulings in the pleading standard required for assessing health harms. In *Becerra v. Coca-Cola, Co.*, Judge Alsup found that the plaintiffs' reliance on scientific studies in support of their proposition that diet soda was unhealthy because it led to weight gain was not plausible where those studies failed to demonstrate that the product *caused* and was not merely *correlated* with weight gain. 2018 WL 1070823, at *4 (N.D. Cal. Feb. 27, 2018). Because the *Becerra* plaintiffs' theory of liability for deception depended upon their allegation that the defendant's product actually caused some health harm, without scientific studies establishing the causal connection, plaintiffs' theory was deemed implausible under the "reasonable consumer" standard. *Id.* Here, Defendant contends that the scientific studies cited by Plaintiffs in their amended complaint purport to demonstrate that added-sugar in sugar-sweetened beverages may lead to certain health harms, but none of the studies demonstrate that the added sugar in cereals cause the same health harms. Although reviewing the same studies as those cited in this matter, Judge Orrick found that there was at least a plausible inference of causation which was sufficient to create a dispute of fact, this Court finds that, regardless, the reasonable consumer cannot plausibly claim to be misled about the sugar content of their cereal purchases here as Defendant provided them with all truthful and required objective facts about its products. *Cf. Becerra v. Dr. Pepper/Seven Up, Inc.*, 2018 WL 1569697, at *6 (N.D. Cal. Mar. 30, 2018) (citing *Krommenhock v Post Foods, LLC*, 255 F. Supp. 938 (N.D. Cal. 2017)).

**C.  Breach of Express and Implied Warranty.**

Both parties agree that Plaintiffs' breach of express and implied warranty claims fail on the same grounds that the consumer protection claims fail. *See Sandoval v. PharmaCare US, Inc.*, 730 Fed. Appx. 417, 419 (9th Cir. 2018); *Hadley II*, 273 F. Supp. 3d at 1093 (citing *In re Clorox*

8

*Consumer Litig.*, 894 F. Supp. 2d 1224, 1235 (N.D. Cal. 2012)).  Accordingly, Plaintiffs' third and fourth causes of action are similarly dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.  Because the motion challenges Plaintiffs' fourth iteration of their complaint and the Court has adopted to reasoning in *Clark v. Perfect Bar* which rejects the premise of Plaintiffs' consumer protection claims, the Court grants the motion without leave to amend.  A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   August 13, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE